FILED

2014 MAY 13 PM 1:05

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:14-CR-190 24 EAJ

STEPHEN MAYER

18 U.S.C. § 1343 and 1349
18 U.S.C. § 981 - Forfeiture
28 U.S.C. § 2461 - Forfeiture

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (CONSPIRACY TO COMMIT WIRE FRAUD AFFECTING A FINANCIAL INSTITUTION)

**A. Introduction**

At times material to this Indictment:

1.  GreenPoint Mortgage Funding, Inc. was a New York corporation and a wholly-owned subsidiary of GreenPoint Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). In November 2004, North Fork Bank, which was also FDIC-insured, acquired GreenPoint Bank. GreenPoint Mortgage then operated as a wholly-owned subsidiary of North Fork Bank. In December 2006, Capital One Financial Corporation acquired North Fork Bank and, in August 2007, North Fork Bank merged into Capital One, N.A., whose deposits were FDIC insured. From that point on, GreenPoint Mortgage operated as a wholly-owned subsidiary of Capital One, N.A. Thus, at all times material to

this indictment, GreenPoint Mortgage Funding was a wholly-owned subsidiary of a federally insured financial institution, as defined by Title 18, United States Code, Section 20, and any losses to GreenPoint Mortgage affected the FDIC insured parent bank.

2.  Stephen Mayer was a resident of the Middle District of Florida who formed and/or controlled the following corporations for the purpose of buying and selling real estate: Josh One Son Investment Corp., Regal Windsor Homes, Inc., BanqUSA Select Group, Inc., Galoma Investment Group, Inc., KCSC, Inc., Chen Garza Inc., and Invest Fund Corp USA, Inc.

### B. The Conspiracy

3.  From an unknown date, but at least in or around September 2003, and continuing thereafter up to and including in or around 2007, in the Middle District of Florida and elsewhere,

STEPHEN MAYER,

the defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit wire fraud affecting a financial institution, that is, to knowingly execute, by way of a wire or radio communication in interstate and foreign commerce, a scheme and artifice to defraud the federally insured financial institutions in their capacity as mortgage lenders and to obtain money and property from the federally insured financial institutions in their capacity as mortgage lenders through materially false and

fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343.

### C. The Manner and Means of the Conspiracy

4. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

(a) It was part of the conspiracy that Mayer would and did form or have others form shell companies for the purpose of buying and selling real estate in the Middle District of Florida.

(b) It was further part of the conspiracy that Mayer would and did recruit investors and coconspirators with good credit with whom he formed shell companies.

(c) It was further part of the conspiracy that using these shell companies, Mayer and his conspirators/investors would and did purchase real estate, primarily low value single family homes, in the Middle District of Florida.

(d) It was further part of the conspiracy that Mayer would and did immediately resell the property he bought to an investor / coconspirator with good credit for an inflated price. These investors frequently obtained mortgages in order to purchase the property from Mayer and/or shell companies under Mayer's control.

(e) It was further part of the conspiracy that Mayer would and did instruct and assist his coconspirators/investors to quick claim deed the property back to him or shell companies under his control and promised that he would make

3

the mortgage payments. The investors / coconspirators remained the obligator on the mortgages. When Mayer failed to make the mortgage payments, these properties went into foreclosure leaving Mayer's investors/coconspirators responsible for the debts.

(f) It was further part of the conspiracy that Mayer would and did instruct his coconspirator/investors to frequently sell and resell the same property (commonly referred to as "flipping"), each time raising the price, in order to increase the value of the property. Because Mayer instructed his investors/coconspirators to quick claim deed the property back to him, he was able to resell the same property over and over again to investors / coconspirators, each time as the seller and each time making a profit, without incurring any mortgages.

(g) It was further part of the conspiracy that the conspirators obtained mortgages from private lenders and federally insured financial institutions based on false statements as to their incomes and other material information.

(h) It was further part of the conspiracy that Mayer, as seller, would provide money to his investors/coconspirators, as buyers, for their down payments on the subject properties after the closing date and from the proceeds of the sale. This information was not disclosed to the lenders and therefore, the HUD-1 Settlement Statements submitted to the lenders were false. These false representations induced lenders to make mortgage loans based upon non-existent buyer equity.

(i)   It was further part of the conspiracy that when Mayer's investors / coconspirators, acting at Mayer's direction, obtained mortgages, the parties involved in the transactions, including the lenders, would and did send interstate wires to and from the Middle District of Florida.

(j)   It was a further part of the conspiracy that conspirators would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the conspiracy and the purpose of those acts.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURES

1. The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(2).

2. From his engagement in the violations alleged in Count One of this Indictment, charging conspiracy to commit wire fraud affecting a financial institution, in violation of Title 18, United States Code, Section 1349, the defendant,

STEPHEN MAYER,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), all of his right, title, and interest in any property, real or personal, which constitutes, or is derived from, proceeds obtained directly or indirectly, as a result of the violations, including, but not limited to, a sum of money

equal to at least $1,528,790, representing the amount of proceeds obtained as a result of the conspiracy alleged in Count One of the Indictment.

    3.    If any of the property described above, as a result of any act or omission of the defendants:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

*[signature]*
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: *[signature]*
AMANDA L. RIEDEL
Assistant United States Attorney

*[signature]*
KELLEY HOWARD-ALLEN
Assistant United States Attorney

By: *[signature]*
ROBERT MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

STEPHEN MAYER

## INDICTMENT

Violations:

Title 18, United States Code, Sections 1343 and 1349

A true bill,

_____
Foreperson

Filed in open court this 13th day

of May 2014.

_____
Clerk

Bail   $_____

GPO 863 525

Document7