## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA FLORIDA

**UNITED STATES OF AMERICA**

v.

**STEPHEN MAYER**

_____ /

Case No. 8:14-CR-190-T-24EAJ

**"EX PARTE/ IN CAMERA"**

## DEFENSE COUNSEL'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL AND REQUEST TO APPOINT NEW COUNSEL AND REQUEST FOR HEARING

**COMES NOW**, STEPHEN MAYER, counsel for the Defendant, and moves this Court to: **PERMIT HIS WITHDRAW AND APPOINT NEW COUNSEL.** As grounds for this motion, undersigned counsel proffers the following:

1.     Mr. Mayer was originally charged in a one-count indictment, which charged him with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343. See Doc. 3.

2.     On September 30, 2014, the Government filed a superseding Indictment, charging Mr. Mayer with eight additional counts of wire fraud, in violation of 18 U.S.C. § 1343. See Doc. 30.

3.     Undersigned counsel was appointed to represent Mr. Mayer on July 17, 2014. See Doc. 11.   At that time, counsel was informed by the government

that Mr. Mayer's case involved approximately 37,000 documents, and dozens of witnesses.

4.      Prior to the status conference on August 21, 2014, undersigned counsel met with Mr. Mayer to discuss his case and to talk about speedy trial issues.  Counsel informed Mr. Mayer that, given the nature of the case and the voluminous discovery involved, she did not believe she could be prepared to effectively represent him by September 25, the day the government had calculated that Mr. Mayer's speedy trial would run.

5.      On August 21, 2014, this Court held a status conference with counsel and Mr. Mayer.  At the hearing, counsel informed the Court that she could not be ready to provide effective assistance of counsel to Mr. Mayer by September 25, 2014.  At this conference, Mr. Mayer agreed to waive speedy trial through October 27, 2014, to allow counsel additional time to prepare his case for trial See Doc. 17.

6.      At the August 21, 2014 hearing, counsel informed the Court that discovery had been provided, and that a procedure had been arranged for Mr. Mayer to look at his discovery at the jail on a laptop computer.  Mr. Mayer acknowledged that this process had been scheduled for him.  Counsel also informed the court that she would make every effort to prepare for trial by an October 27, 2014 date certain.

7.     Since that time, Mr. Mayer has written several letters to undersigned counsel, and to undersigned counsel's supervisor, in which he complains that counsel and her office are not providing effective representation for a variety of reasons. Mr. Mayer does not write these letters directly to counsel, but sends them to third parties to be typed, and then e-mailed or faxed to undersigned counsel.

8.     Counsel asked that Mr. Mayer be allowed to address these complaints regarding counsel's representations before Magistrate Judge Jenkins at his arraignment hearing on the superseding indictment on October 8, 2014 See Doc. 35. At an *ex parte* hearing, Mr. Mayer stated that he disagreed with counsel about the decision whether to call expert witnesses at his trial, and made reference to certain bank records which he believed had not been requested by counsel. However, Mr. Mayer did not request new counsel, and Judge Jenkins did not rule that new counsel should be provided.

9.     Subsequent to the hearing, counsel received additional correspondence from Mr. Mayer, through a third party, Attorney Daniel Jonas, expressing his continued dissatisfaction with counsel's representation and other complaints about the sufficiency of October 8, 2014 hearing before Judge Jenkins. Daniel Jonas has made several visits to Mr. Mayer at the jail during the course of undersigned counsel's representation and has engaged in numerous phone calls, during which he has given Mr. Mayer legal advice in this case.   Counsel has also

learned that Mr. Mayer has been communicating with and receiving legal advice from at least one other attorney, Akiva Fischman, in the Miami area.

10.   On Friday, October 10, 2014, counsel was informed by the government that confidential information regarding other individuals contained in Mr. Mayer's discovery has been disseminated to third parties.   Undersigned counsel has been told that Mr. Jonas is one of these individuals.   The government has filed a motion for protection relating to this information.   This motion was denied without prejudice, because the government had not obtained the Defendant's position on the motion.   However, undersigned counsel understands that the government intends to refile that motion with Mr. Mayer's position today.

11.   On Tuesday, October 14, 2014, counsel received a call from the Pinellas County Jail informing her that Daniel Jonas and Ashley Small visited Mr. Mayer at the jail for an attorney visit.   The same day, counsel received correspondence from the Miami attorney, Daniel Jonas, on Mr. Mayer's behalf.   In this letter, Mr. Jonas directs undersigned counsel what to do in Mr. Mayer's case and what trial strategy to employ.

12.   Also on Tuesday, October 14, 2014, undersigned counsel went to the Pinellas County Jail to discuss these matters with Mr. Mayer.   After informing counsel that Mr. Jonas had sent her a letter containing instructions for his defense,

Mr. Mayer terminated the interview and is now refusing to speak with counsel, directing her to put everything in writing.

13.     The trial of this case is in less than two weeks.  Mr. Mayer has raised numerous complaints and concerns relating to his defense, including his entire defense strategy.  Mr. Mayer has also raised complaints that undersigned counsel will not be sufficiently prepared for trial on October 27, 2014.  He has sought the advice and counsel of another attorney, who is giving Mr. Mayer legal counsel and advice and interfering in Mr. Mayer's case.  Mr. Mayer is also refusing to discuss his defense or case with his appointed counsel, and is instead communicating and addressing his numerous complaints about counsel through third parties.

14.     Under the circumstances, undersigned counsel believes it is appropriate to bring to this Court's attention that she and Mr. Mayer have reached irreconcilable differences in the instant case.  In fact, it would be appropriate to characterize the relationship as irretrievably broken.

15.     As a result, undersigned counsel requests this Court appoint counsel outside the Office of the Federal Public Defender to represent Mr. Mayer.  Because this case is currently scheduled on October 27, 2014 for trial, counsel respectfully requests that this Court hold an *ex parte* hearing as soon as possible to resolve this issue, so that counsel and Mr. Mayer may address these issues with the Court.

16.    Assistant United States Attorney Mandy Reidel does not oppose the instant motion.

**WHEREFORE,** undersigned counsel request that he be permitted to withdraw from any further representation of Mr. Stephen Mayer and that new counsel be appointed.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** by U. S. Mail to Stephen Mayer, Pinellas County Jail Docket # 1599371, Pinellas County Jail, 14400 49th Street North, Clearwater, Florida 33762 on this 15th day of October.

**RESPECTFULLY SUBMITTED,**

DONNA LEE ELM
FEDERAL PUBLIC DEFENDER

Mary A. Mills
Missouri Bar No.: 0038369
Assistant Federal Public Defender
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Phone: (813) 228-2715
Fax: (813) 228-2562
Email: Mary_Mills@fd.org