UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:14-cr-190-T-24EAJ

vs.

STEPHEN MAYER

_____/

**ORDER**

This cause comes before the Court on Defense Counsel's Ex Parte Motion to Withdraw as Counsel and Request to Appoint New Counsel and Request for Hearing (Sealed Doc. 44). The Court held a hearing on the motion on October 20, 2014. The Court finds that irreconcilable difference have arisen between the defendant, Stephen Mayer, and his attorney of record, Mary Mills. The attorney-client relationship between the defendant and Ms. Mills is irretrievably broken due to the following: (1) the defendant refuses to speak with counsel and instead directs Ms. Mills to put all communications in writing; (2) the defendant has consulted with another attorney who is attempting to direct counsel of record in this case; and (3) the defendant has written letters of complaint to counsel of record's supervisor. Defendant Mayer agrees that irreconcilable differences exist and has no objection to the motion to withdraw. Thus, it is hereby **ORDERED AND ADJUDGED** that Defense Counsel's Motion to Withdraw as Counsel is **GRANTED** and the case is referred to the assigned magistrate judge to appoint new counsel.

The case is scheduled for trial October 27, 2014. However new counsel will need time to prepare to try this case. This is a complicated mortgage fraud case, the trial of which is estimated to last two weeks. There are nine counts asserted against the defendant in the superseding indictment (Doc. 30), in excess of 37,000 documents of discovery, and numerous

witnesses are expected to testify at trial. It will be impossible for new counsel to proceed to trial on October 27, 2014, or at any time close to that date. Ms. Mills has been involved with this case for approximately three months and has had the resources of the Federal Public Defender's Office. Despite that, Ms. Mills has still had difficulty preparing the case for trial within the three month time frame. Accordingly, the Court will continue the trial for ninety (90) days to allow new counsel to properly prepare. The ends of justice require a continuance, and the factors requiring the continuance outweigh the best interests of the defendant and the public in a speedy trial. The ninety day continuance will begin on October 27, 2014, and is excludable under 18 U.S.C. § 3161(h)(7)(A) & (B).

DONE AND ORDERED at Tampa, Florida, this 20th day of October, 2014.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record
Pro se defendant